Filed 3/11/26  P. v. Toca CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GERALDO TOLEDO TOCA,<br><br>    Defendant and Appellant. | B336579<br><br>(Los Angeles County<br>Super. Ct. No. XEAKA089833) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge. Reversed.

Gordon B. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Geraldo Toledo Toca appeals the trial court's order resentencing him pursuant to Penal Code section 1172.75.[1] He argues the court abused its discretion in deciding he was ineligible to be resentenced to a determinate term. (See § 1170.12, subd. (c)(1), (2)(C).) The People agree the Supreme Court's decision in *People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838, 877–878 (*Guevara*), resolves this appeal and requires remand for a full resentencing. We agree with the parties, and we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2010, Toca was charged with felony failure to provide true registration information as a sex offender (§ 290.015, subd. (a); count 1), felony failure to update registration annually as a sex offender (§ 290.012, subd. (a); count 2), and misdemeanor providing false information to a peace officer (§ 148.9, subd. (a); count 3). It was further alleged Toca had previously been convicted of robbery and sexual assault with use of a deadly weapon in Nevada in 1981.

As to counts 1 and 2, his Nevada convictions were alleged to be two serious or violent felonies within the meaning of the "Three Strikes" law (§ 667, subds. (b)–(i), § 1170.12, subds. (a)–(d)).

In addition, as to counts 1 and 2, it was alleged Toca had two prior prison commitments resulting from convictions in 2003 and 2007 for taking a vehicle without consent and failure to register as a sex offender. (Veh. Code, § 10851; Pen. Code, § 290, subds. (a), (d)(1); see also Pen. Code, § 667.5, former subd. (b).)

---

[1] Undesignated statutory references are to the Penal Code.

Toca was convicted by a jury on all counts. The trial court later found his prior convictions true and denied Toca's motion to dismiss the prior strike allegations. In January 2011, the court sentenced Toca to 27 years to life on count 1, comprising 25 years to life for his third strike and two 1-year enhancements for his prior prison terms (see § 667.5, former subd. (b)). The court also sentenced Toca to 25 years to life and six months on counts 2 and 3, respectively, all to run concurrently with count 1.

This court reversed Toca's count 1 conviction on appeal. (*People v. Toca* (Sept. 19, 2012, B230396) [nonpub. opn.].) Upon remand, the trial court dismissed count 1 and modified Toca's sentence on count 2 to 27 years to life by imposing the two 1-year enhancements previously imposed in count 1.

In 2022, Toca was identified by the Department of Corrections and Rehabilitation as potentially eligible for resentencing pursuant to section 1172.75, subdivision (a). (See *id.*, subd. (b).) Toca was represented by counsel and moved to dismiss his prior prison enhancements under the auspices of section 1172.75. According to Toca, section 1172.75, subdivision (d)(2) entitled him to take advantage of other ameliorative legislative changes enacted since his conviction, including section 1170.12, subdivision (c)(1), (2)(C). He argued because his underlying third felony conviction for failure to register was not serious or violent, he should be resentenced to a determinate term pursuant to the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012) (Reform Act). Toca further argued he did not pose an unreasonable risk to public safety and thus qualified for Reform Act relief. (See §§ 1170.126, subd. (f), 1172.75, subd. (d)(1).)

In opposition, the People relied upon two opinions from the Courts of Appeal to argue Toca could not obtain Reform Act

resentencing relief via a section 1172.75 resentencing motion, and he instead must seek that relief pursuant to the Reform Act's separate resentencing procedure. (See § 1170.126, subd. (b).)

At a hearing on March 28, 2024, the trial court recalled Toca's sentence and struck the two section 667.5 one-year enhancements. (See § 1172.75, subd. (a).) The trial court expressly "agree[d] with the reasoning" of the two appellate opinions relied upon by the People to conclude Toca was ineligible for Reform Act relief, and thus it did "not need to deal with dangerousness." The trial court resentenced Toca to 25 years to life on count 2 (his third strike) and to 180 days on count 3 to run concurrently.

Toca timely appealed. (§ 1237, subd. (a); Cal. Rules of Court, rule 8.308(a).)

## DISCUSSION

### I. The Trial Court Should Have Considered Toca's Full Resentencing Eligibility

After Toca's resentencing, our Supreme Court disapproved both opinions the trial court had relied upon in denying Toca's motion as to Reform Act relief: one was reversed and the other was vacated. (*Guevara*, *supra*, 18 Cal.5th at p. 878; *People v. Kimble* (*Kimble II*) S284259, Supreme Ct. Mins., Dec. 17, 2025.) The People now concede Toca is entitled to a full resentencing hearing, consistent with the Supreme Court's decision in *Guevara*. We agree.

#### A. Standard of Review

We review a trial court's sentencing decisions for abuse of discretion. (*People v. Moseley* (2024) 105 Cal.App.5th 870, 874; see also *People v. Superior Court (Humberto S.)* (2008) 43 Cal.4th 737, 742 [an error of law is an abuse of discretion].) In that context, we review the trial court's "statutory interpretation,

4

[including] the scope of a statutory scheme, . . . de novo." (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 323; see also *Guevara*, *supra*, 18 Cal.5th at p. 856 [interpretation of § 1172.75].)

## B.     Statutory Background

After Toca's original sentencing in 2011, three pieces of legislation limited indeterminate sentences for third strike offenders and enhancements for prior prison terms.

First, in 2012, voters enacted the Reform Act, which restricted "indeterminate third strike life sentences" to defendants whose "third felony conviction is 'serious or violent,' subject to enumerated disqualifying factors." (*Guevara*, *supra*, 18 Cal.5th at p. 851; see also *id.* at p. 849.) The legislation provided that defendants whose third felony conviction was for a "nonserious, nonviolent felony . . . be sentenced to 'twice the term otherwise provided as punishment for the current felony conviction.' " (*Id.* at p. 851.) The Reform Act also included a resentencing mechanism for those " 'persons presently serving an indeterminate term of imprisonment' " under certain former provisions of law " 'whose sentence under this act would not have been an indeterminate life sentence.' " (*Ibid.*, quoting § 1170.126, subd. (a).)

Second, in 2020, "Senate Bill No. 136 (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) prospectively limited the application of one-year prior prison term enhancements to individuals convicted of sexually violent felonies." (*Guevara*, *supra*, 18 Cal.5th at p. 852; see also § 667.5, subd. (b).)

Third, the following year, the Legislature passed Senate Bill No. 483 (2021–2022 Sess.) (Stats. 2021, ch. 728, §§ 1, 3), which " 'retroactively appli[ed]' Senate Bill No. 136 to persons 'currently serving a term for a judgment that include[d]' " a one-

year prior prison term enhancement. (*Guevara, supra*, 18 Cal.5th at p. 852; see also § 1172.75, subd. (a).)

Senate Bill No. 483 also established a resentencing mechanism for defendants (like Toca) with a now-invalid one-year enhancement. (§ 1172.75, subd. (c).) In such cases, "the court shall recall the sentence and resentence the defendant" (*ibid.*), and the defendant shall receive " 'a lesser sentence than the one originally imposed . . . unless the court finds *by clear and convincing evidence* that imposing a lesser sentence would endanger public safety' " (*Guevara, supra*, 18 Cal.5th at p. 852, quoting § 1172.75, subd. (d)(1)). During the resentencing proceeding, the " 'court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' " (*Guevara*, at pp. 852–853, quoting § 1172.75, subd. (d)(2).)

### C. The Supreme Court's Decision in *Guevara*

When the trial court resentenced Toca, some Courts of Appeal held that nonviolent third strike offenders seeking resentencing via a section 1172.75 proceeding—like Toca—could not avail themselves of Reform Act resentencing relief. (See *Guevara, supra*, 18 Cal.5th at p. 854.) The Supreme Court has since explained in *Guevara* those decisions were mistaken, and its reasoning is determinative of this appeal.

The defendant in *Guevara* was originally sentenced in 2009 under the three strikes law. (*Guevara, supra*, 18 Cal.5th at p. 853.) He admitted two prior strikes and three prior prison terms, and he was sentenced to 25 years to life for his third strike plus three 1-year prior prison term enhancements. (*Ibid.*)

In 2023, Guevara was identified as potentially eligible for resentencing pursuant to section 1172.75, subdivision (b),

because he was serving a sentence with prior prison enhancements. (*Guevara*, *supra*, 18 Cal.5th at p. 853; see also § 1172.75, subds. (a)–(b).) Guevara argued he should also be resentenced to a determinate term, pursuant to the ameliorative changes made by the Reform Act, because his third strike was not violent or serious. (*Guevara*, at p. 853; see also § 1170.12, subd. (c)(2)(C).) The trial court agreed and "held that notwithstanding concerns about public safety, it was required by section 1172.75 to . . . resentence [Guevara] under current law, including section 1170.12, subdivision (c)." (*Guevara*, at p. 853.)

The Court of Appeal reversed. It "concluded . . . the trial court's interpretation of section 1172.75 unconstitutionally amended the Reform Act" by " 'eliminat[ing] [its] public safety' element," and Guevara could not obtain relief from his indeterminate third strike sentence via a section 1172.75 resentencing proceeding. (*Guevara*, *supra*, 18 Cal.5th at p. 854.)

Our Supreme Court reversed the Court of Appeal. (*Guevara*, *supra*, 18 Cal.5th at p. 878.) It reasoned "the voters did *not* intend for the [Reform Act] petition process to be the sole avenue for defendants sentenced to an indeterminate term of imprisonment under the original Three Strikes law to seek resentencing relief." (*Id.* at p. 858; see also § 1170.126, subd. (k).) Rather, third strike defendants can also seek relief through the separate vehicle of section 1172.75 resentencing. (See *Guevara*, at pp. 861, 865.) Those defendants are nonetheless subject to "the substantive requirements of section 1170.126" (*id.* at p. 861), including its "discretionary public safety override" (*id.* at p. 862; see also § 1170.126, subd. (f)), but need not comply with "the ancillary procedural requirements" of that statute (*Guevara*, at p. 869). They must instead fulfill the "separate procedural

7

requirements" of the section 1172.75 resentencing mechanism. (*Guevara,* at p. 870.)

The Supreme Court thus concluded Guevara was "entitled to a full resentencing provided that he can satisfy the substantive eligibility criteria established [by] the Reform Act" (*Guevara, supra,* 18 Cal.5th at p. 877; see also § 1170.126), and it remanded for resentencing (*Guevara,* at p. 878 & fn. 16).

### D.     Toca Is Entitled to Full Resentencing

The Supreme Court's guidance in *Guevara* makes clear the trial court erred in refusing to consider Toca's eligibility for resentencing relief pursuant to the Reform Act when it considered his section 1172.75 resentencing motion. (See *Guevara, supra,* 18 Cal.5th at p. 878; see also § 1170.126, subd. (f).) Thus, we agree with the People this case should be remanded to the trial court for a full resentencing hearing consistent with *Guevara.* (See *Guevara,* at pp. 877–878.)

### DISPOSITION

The order is reversed. We remand for further proceedings consistent with this opinion.


RICHARDSON, J.

I CONCUR:



GILBERT, J.*


---

\*     Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Toca*
**B336579**
**CHAVEZ, Acting P. J., Concurring.**

I concur in the judgment only.


CHAVEZ, Acting P. J.

1